49UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL FREDERICK SEYLER,

    Plaintiff,

Case No. 2:16-cv-13268

v.

HONORABLE STEPHEN J. MURPHY, III

CITY OF FENTON, et al.,

    Defendants.
                               /

**OPINION AND ORDER GRANTING DEFENDANT RAUCH'S
MOTION FOR SUMMARY JUDGMENT [35] AND DISMISSING REMAINING CLAIMS**

Plaintiff Karl Frederick Seyler filed suit against government officials and his former employers after he was arrested and charged with embezzlement. Plaintiff's remaining claims include the following counts: (I) unreasonable seizure under the Fourth Amendment against Detective Rauch in his individual capacity; (II) malicious prosecution under the Fourth Amendment against Detective Rauch in his individual capacity; (III) malicious prosecution under state law against Detective Rauch in his individual capacity and Martin; (IV) false arrest under state law against Detective Rauch in his individual capacity; and (VI) negligence against Martin, Tractor Supply Co., and Tractor Supply Company of Michigan LLC. *See* ECF 3, 38, 40. The Court has reviewed the briefs, and finds that a hearing is unnecessary. E.D. Mich. LR 7.1(f). For the reasons set forth below, the Court will grant Detective Rauch's Motion for Summary Judgment on Counts I and II and dismiss the remaining claims for lack of jurisdiction.

**BACKGROUND**

Plaintiff worked as an assistant manager for Defendant Tractor Supply Company ("TSC") until he resigned in September 2014. ECF 3, PgID 38. After Plaintiff's resignation,

his former boss, Bonnie Martin, needed to reconcile Plaintiff's unfinished paperwork. ECF 35-2, PgID 216. The paperwork included price override reports, and those detailed customer discounts. *Id.* The price override reports show that Plaintiff authorized several significant discounts in his final weeks working for TSC. ECF 35-3. The transactions alarmed Martin, so she contacted the police after consulting a district manager and a loss prevention manager. ECF 35-2, PgID 217.

Officer Forbush was then dispatched to TSC to investigate potential employee fraud or embezzlement. ECF 35-5, PgID 232. Officer Forbush talked to Martin and obtained documentation about the suspicious transactions. *Id.* at 233. After reviewing the documentation, Officer Forbush determined that the suspicious discounts were given to the same customer. *Id* at 234. Officer Forbush then drafted an initial report summarizing his findings, and referred the case to Detective Rauch. *Id.* at 235.

Detective Rauch proceeded to independently investigate the matter. He spoke with Martin, who told him that Plaintiff's title authorized him to give a 15% discount—suggesting that the suspicious discounts exceeded Plaintiff's authority. ECF 35-6, PgID 241; ECF 35-3. Detective Rauch then interviewed the customer to whom Plaintiff gave the suspicious discounts. ECF 35-6, PgID 242. Detective Rauch learned that the customer owned a business near where Plaintiff lived. *Id.* at 244, 248. He also learned that the customer worked a mile from a different TSC store, but chose to travel further to the location where Plaintiff worked and looked for Plaintiff. *Id.* at 242, 248.

After his investigation, Detective Rauch sought direction from an assistant prosecutor. *Id.* at 246–47. The assistant prosecutor advised that there was sufficient evidence to issue a warrant for embezzlement, so Detective Rauch submitted a warrant request to the

prosecutor's office. *Id.* at 245–47. The prosecutor's office prepared a complaint, and a warrant was issued. ECF 3, PgID 40. Plaintiff's charges were later dismissed after a preliminary examination. ECF 36-7. He then brought the present suit.

## STANDARD OF REVIEW

The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must identify specific portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings, but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences" in the light most favorable to the nonmoving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987).

## DISCUSSION

I.  <u>The Federal Claims</u>

Detective Rauch contends that he is entitled to qualified immunity as to Plaintiff's Fourth Amendment claims of unreasonable seizure and malicious prosecution. ECF 35,

PgID 206. Qualified immunity shields officials from liability if their conduct does not violate clearly established statutory or constitutional rights that a reasonable person would have known. *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The standard tasks the Court with answering whether: (1) the facts alleged are sufficient to state a constitutional claim, and (2) the constitutional right which the officer has purportedly violated was clearly established. *Bible Believers v. Wayne Cty.*, 805 F.3d 228, 257 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 2013 (2016). If the Court answers either question in the negative, then a defendant is entitled to qualified immunity. *Devlin v. Kalm*, 531 F. App'x 697, 703 (6th Cir. 2013).

The Court finds that the facts alleged are insufficient to state a constitutional claim, therefore Detective Rauch is clearly entitled to qualified immunity. To prevail on the claims of unreasonable seizure and malicious prosecution, Plaintiff must show that Detective Rauch's actions were not supported by probable cause. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010). Probable cause exists when the facts and circumstances within the officer's knowledge are sufficient to justify a prudent person in believing that the suspect has committed a crime. *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). After making all appropriate inferences, the record shows that Plaintiff provided substantial discounts to a single customer on multiple occasions and that the customer worked near where Plaintiff lived, drove out of his way to shop where Plaintiff worked, and sought out Plaintiff. That is certainly sufficient evidence for a prudent person to believe that Plaintiff and the customer were engaged in a criminal arrangement to deprive Plaintiff's employer of the money owed for the goods sold.

Plaintiff contends that Detective Rauch's investigation was inadequate because he

4

neither received a written policy regarding store discounts nor interviewed Plaintiff before seeking the arrest warrant. But the Court finds that Detective Rauch's investigation was sufficiently thorough—after reviewing Officer Forbush's initial report, Detective Rauch independently interviewed witnesses, requested documentation, reviewed business records, and tracked down the suspicious customer. And although the criminal action against Plaintiff was ultimately dismissed, "[a] valid arrest based upon then-existing probable cause is not vitiated if the suspect is later found innocent." *Criss v. City of Kent*, 867 F.2d 259, 262 (6th Cir. 1988).

In sum, the Court finds that there was probable cause for Plaintiff's arrest and prosecution at the time Detective Rauch sought the arrest warrant. Plaintiff therefore cannot state a constitutional claim, and Detective Rauch is entitled to qualified immunity.

II <u>The Remaining Claims</u>

Because no federal claims remain, the Court may decline to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3). In the interest of justice, judicial economy, and comity to state courts, the Court will decline to exercise its jurisdiction. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27 (1966).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Detective Rauch's Motion for Summary Judgment [35] is **GRANTED IN PART AND DENIED IN PART**. Detective Rauch is entitled to judgment on Counts I and II.

**IT IS FURTHER ORDERED** that Plaintiff's remaining Counts are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment [36] by

Defendants Martin, Shires, Tractor Supply Company, and Tractor Supply Company of Michigan, LLC is **MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

                                s/Stephen J. Murphy, III
                                STEPHEN J. MURPHY, III
                                United States District Judge

Dated: November 29, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 29, 2017, by electronic and/or ordinary mail.

                                s/David P. Parker
                                Case Manager